UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELVIN COBBLE,     Plaintiff,

v.     Civil Action No. 3:16-cv-566-DJH

YAMAMOTO FB ENGINEERING, INC
AND ERNIE MORRIS,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Melvin Cobble requests that the Court remand this case to Jefferson Circuit Court. (Docket No. 5) The defendants claim that diversity jurisdiction removal is proper because Cobble fraudulently joined Ernie Morris as a defendant. (D.N. 7, PageID # 56) Cobble maintains that Morris was not fraudulently joined. (D.N. 5, PageID # 46) After careful consideration, the motion to remand will be granted.

**I. BACKGROUND**

While working as a laborer for Defendant Yamamoto FB Engineering, Inc. (Yamamoto), Cobble, an African-American, claims that he was treated less favorably than his non-African-American counterparts and subjected to racially hostile comments from Morris, a supervisor. (D.N. 1-1, PageID # 15) He also alleges that when he complained about this treatment to Morris and the Equal Employment Opportunity Commission, Morris terminated his employment in retaliation. (*Id.*) Cobble asserts claims of race discrimination, unlawful discharge, and retaliation under the Kentucky Civil Rights Act (KCRA). (*Id.*, PageID # 16)

The defendants removed the case to this Court pursuant to 18 U.S.C. 1441(b), alleging complete diversity of citizenship and an amount in controversy exceeding $75,000. (D.N. 1, PageID # 10) They assert that Cobble is a resident of Kentucky and Yamamoto is a citizen of

1

both Delaware and Japan. (*Id.*, PageID # 2–3) The defendants argue that Cobble fraudulently joined Morris, also a Kentucky citizen, whose presence defeats complete diversity. (*Id.*, PageID # 1; D.N. 5, PageID # 45)

Cobble filed a motion to remand. (D.N. 5) He argues that Morris was not fraudulently joined because the KCRA provides for individual liability, which is the basis of the retaliation claim against Morris. (*Id.*, PageID # 46)

## II. STANDARD

"When considering a motion to remand, the Court must examine whether the case was properly removed to federal court." *Graves v. Standard Ins. Co.*, 66 F. Supp. 3d 920, 922 (W.D. Ky. 2014) (internal quotations omitted). Removal based on diversity jurisdiction requires both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Complete diversity means that no plaintiff and no defendant are citizens of the same state. *See U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).

When a non-diverse party has been joined as a defendant—as Morris was here—then "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Jerome-Duncan, Inc. v. Auto–By–Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). The relevant inquiry is whether Cobble "had at least a colorable cause of action against" Morris in Kentucky state court. *Jerome-Duncan*, 176 F.3d at 907. If so, then Morris was not fraudulently joined. Asked another way, the question "is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

The standard to determine whether the cause of action is colorable is more lenient than the Rule 12(b)(6) motion to dismiss standard. *Casias*, 695 F.3d at 433. "Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Hix v. Affiliated Computer Svcs. Inc.*, No. 5:08–521, 2009 WL 2240548, at *2 (E.D. Ky. July 27, 2009) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). A court "may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties . . . for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Casias*, 695 F.3d at 433 (quoting *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952–56 (6th Cir. 2011)). However, a court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Alexander*, 13 F.3d at 949).

### III. DISCUSSION

Morris is a Kentucky citizen and, if properly joined, would destroy diversity jurisdiction and prevent removal. The defendants insist that Morris was fraudulently joined. But if Cobble has at least a colorable cause of action against Morris in Kentucky state court, the joinder of Morris was not fraudulent. *See Jerome-Duncan*, 176 F.3d at 907. Here, Cobble's complaint alleges claims of racial discrimination, unlawful discharge, and retaliation against the defendants. Specifically, the complaint alleges that Morris used racial slurs to refer to Cobble and that he improperly terminated Cobble's employment. (D.N. 1-1, PageID # 15)

The defendants argue that Cobble fails to state a colorable cause of action for racial discrimination against Morris because there is no such cause of action against individuals under Kentucky law. (D.N. 1, PageID # 3) This argument is persuasive. Any claims against Morris

3

for racial discrimination or unlawful discharge are barred.  Kentucky law prohibits *employers* from discriminating against or unlawfully discharging their employees.  Ky. Rev. Stat. Ann. § 344.040(1)(a).  But an individual person does not qualify as an "employer" within the meaning of the statute, and such claims are prohibited.  *See* Ky. Rev. Stat. Ann. § 344.030 (defining employer as "a person who has eight (8) or more employees"); *see also Effinger v. Philip Morris, Inc.*, 984 F. Supp. 1043, 1046 (W.D. Ky. 1997) (applying Kentucky law and holding that an individual employee could not liable for discrimination because he did not qualify as an employer within the meaning of the statute); *Palmer v. Int'l Ass'n of Machinists & Aerospace Workers*, 882 S.W.2d 117, 120 (Ky. 1994) (holding that individuals could not be liable for discrimination because they did not qualify as employers within the meaning of the statute).

As for Cobble's retaliation claim against Morris, the defendants first argue that Cobble failed to state a colorable cause of action against Morris because Morris did not terminate Cobble.  (D.N. 1, PageID # 4)  To support this argument, the defendants attached the declarations of Yamamoto's Human Resources Manager, Heidi L. Dean, and Defendant Morris, to their removal notice.  (D.N. 1-2; D.N. 1-3)  Both of these declarations state that Morris was not involved in Cobble's termination.  (D.N. 1-2, PageID # 34; D.N. 1-3, PageID # 38)  The defendants insist that the Court can look outside the pleadings and, specifically, to these declarations to conclude that Cobble fails to state a colorable claim of retaliation against Morris. (D.N. 1, PageID # 3–4)  However, the Court can only look to material outside the pleadings "for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Casias*, 695 F.3d at 433 (quoting *Walker*, 443 F. App'x at 955–56)).  Here, the plaintiff's complaint alleges that Morris terminated him.  (D.N. 1-1, PageID # 15)  Thus, there is a disputed fact.  *See Smith v. Smithkline Beecham Corp.*, No. 10–73–ART, 2010 WL 3432594, at *4 (E.D.

4

Ky. Aug. 30, 2010) ("A solitary self-serving affidavit cannot eliminate the prospect of any dispute, particularly where the complaint is in direct disagreement."); *see also Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 924–25 (E.D. Ky. 2013). And the Court must resolve all disputed questions of fact in favor of Cobble. *See Coyne*, 183 F.3d at 493. Therefore, Cobble's motion to remand cannot be resolved by looking to the declarations.

The defendants next argue that the intra-corporate conspiracy doctrine justifies removal. (D.N. 1, PageID # 4–5) This argument is also unpersuasive. Cobble's retaliation claim falls under Ky. Rev. Stat. § 344.280, which states:

> It shall be unlawful practice for a person, or for two (2) or more persons to conspire: (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter.

A prima facie case of retaliation has three elements: (1) that the plaintiff engaged in a protected activity; (2) that the plaintiff was disadvantaged by an act of her employer; and (3) that there was a causal connection between the activity engaged in and the employer's act. *McBrearty v. Ky. Comty. & Tech. Coll. Sys.*, 262 S.W.3d 205, 212 (Ky. Ct. App. 2008). The complaint states that Cobble felt discriminated against at work, he reported this perceived discrimination to Morris and the EEOC, and Morris terminated Cobble's employment thereafter. (D.N. 1-1, PageID # 15) Although the complaint provides minimal facts, it does provide at least enough to state a colorable cause of action against Morris. Furthermore, the intra-corporate conspiracy doctrine does not bar Cobble's claim against Morris.

"The intra-corporate conspiracy doctrine states that a corporation cannot conspire with its own agents or employees because the corporation and its employees are members of the same collective entity and so there are not two separate 'people' to form a conspiracy." *McGee v.*

5

*Cont'l Mills, Inc.*, No. 5:09–cv-00155–R, 2009 WL 4825010, at *2 (W.D. Ky. Dec. 11, 2009) (internal quotations omitted). The Kentucky Court of Appeals recently addressed this doctrine for the first time. In *Cowing v. Commare*, the Kentucky Court of Appeals applied the intra-corporate conspiracy doctrine, noting that it is a logical extension of Kentucky law stating that a corporation can only act through its agents and that a conspiracy involves two or more persons. 499 S.W.3d 291, 294–95 (Ky. Ct. App. 2016). In *Cowing*, the plaintiff claimed his employer, Lockheed Martin Corporation, and a managing agent for Lockheed Martin, Andy Commare, violated Ky. Rev. Stat. Ann. § 344.280. *Id.* at 292–93. The plaintiff alleged that Commare aided and abetted the company in its discriminatory employment practices. *Id.* at 293. The court held that the intra-corporate conspiracy doctrine applied, and thus barred, the aiding-and-abetting claim against Commare. *Id.* at 295.

Here, the complaint states that "Morris is an individual person as defined by KRS 344.280 and therefore is personally liable for his retaliatory actions."[1] (D.N. 1-1, PageID # 16) The complaint does not allege that Morris aided and abetted Yamamoto, nor does it allege that Morris conspired with Yamamoto. The defendants cite a number of cases, including *Cowing*, which found that the retaliation claim asserted against an individual employee was barred by the intra-corporate conspiracy doctrine. (D.N. 7, PageID # 60) However, in each of those cases, it is evident that the plaintiff specifically asserted claims in the complaint that the individual either conspired with the employer or aided and abetted the employer. *See Mills v. Woodford Nat'l Bank*, No. 3:14-cv-00639-TBR, 2015 WL 1136502, at *2 (W.D. Ky. Mar. 11, 2015) ("[Defendants]" argue that . . . the 'intra-corporate conspiracy' doctrine bars the claim of

---

[1] Contrary to what Cobble asserts in his complaint, it is actually Ky. Rev. Stat. Ann. § 344.010(1), and not Ky. Rev. Stat. Ann. § 344.280, that defines a "person" as "one (1) or more individuals . . . ."

6

conspiracy."); *Bzura v. Lumber Liquidators, Inc.*, No. 3:13-cv-00661-CRS, 2014 U.S. Dist. LEXIS 24923, at *8 (W.D. Ky. Feb. 26, 2014) ("Bzura also brings a claim against Defendants for their alleged conspiracy to violate the KCRA."); *Dunn v. Gordon Food Svcs., Inc.*, No. 3:10-cv-00335-R, 2010 WL 4180503, at *1 (W.D. Ky. Oct. 20, 2010) ("Dunn also named [a supervisor] in the complaint, stating that he conspired with GFS to violate KRS 344 *et. seq.*"); *McGee*, 2009 WL 4825010 at *1 (McGee filed a Complaint alleging two Counts of conspiracy against Continental and two of its employees arising out of her employment with Contenitnetal."); *Cowing*, 499 S.W.3d at 293 (Cowing alleged that . . . Commare had 'aided and abetted' the company in its discriminatory employment practices . . . ."). But unlike the claims in *Mills*, *Bzura*, *Dunn*, and *Cowing*, Cobble makes no allegations of conspiracy or aiding and abetting. Under Ky. Rev. Stat. Ann. § 344.280, individuals may be held liable for retaliation. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000) ("§ 344.280 forbids retaliation by 'a person.' The Kentucky retaliation statute plainly permits the imposition of liability on individuals."). It follows then that Cobble states a colorable claim against Morris. Accordingly, the Court concludes that Morris was not fraudulently joined.

## IV. CONCLUSION

Under Kentucky law, Cobble cannot assert discrimination or unlawful discharge claims against Morris. *See Effinger*, 984 F. Supp. at 1046. However, the Court concludes that Cobble states a colorable cause of action against Morris for retaliation, which precludes a finding of fraudulent joinder. The Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiff's motion to remand (D.N. 5) is **GRANTED**. The case is **REMANDED** to Jefferson Circuit Court in accordance with 28 U.S.C. § 1447(c) and is **STRICKEN** from this Court's active docket.

January 6, 2017

**David J. Hale, Judge**
**United States District Court**